## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CARMEN L. GONZALEZ-GONZALEZ** | **CIVIL NO.:** |
| *Plaintiff* | |
| | **DIVERSITY-PERSONAL INJURY** |
| **v.** | |
| **AUTONOMOUS MUNICIPALITY OF SAN JUAN; OPTIMA SEGUROS; JOHN AND JANE DOE; and A, B AND C INSURANCE COMPANIES** | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| *Defendants* | |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Carmen L. Gonzalez-Gonzalez, by and through her undersigned counsels, and respectfully states, alleges and prays as follows:

### I.  JURISDICTION AND VENUE

1.     This Honorable Court has subject matter jurisdiction of this action pursuant to 28 U.S.C § 1332 as the amount in controversy exceeds $75,000, exclusive of interests and costs, and Plaintiff and the co-defendants are citizens of different states.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

### II. PARTIES

3.     Plaintiff Carmen L. Gonzalez Gonzalez is of legal age and resident/citizen of the State of Florida, United States of America.

4.     Co-defendant, the Autonomous Municipality of San Juan ("MSJ") is a municipality of the Commonwealth of Puerto Rico created by law, with independent authority and the right to sue and be sued. At all relevant times herein, the MSJ was the

owner, was in charge of the maintenance and/or had control and domain of the sidewalk located in the municipal street known as Eduardo Conde, in front of apartment number 67 of Paseo del Conde housing complex in Santurce Ward, San Juan, Puerto Rico, which was defective and caused Plaintiff to fall.

5.      Co-defendant Optima Seguros ("Optima"), is an insurance company authorized to issue insurance policies in Puerto Rico that had issued an insurance policy to cover accidents like the one described in this Complaint. At all relevant times herein, Optima had in full force and effect an insurance policy covering the MSJ for the acts and omissions and the damages suffered by the Plaintiff as alleged herein.

6.      Co-defendants John and Jane Doe are individuals, corporations, and/or other entities whose names and addresses are unknown to Plaintiff at this time, and who were the owners, were in charge of the maintenance and/or had control and domain of the sidewalk, and/or who caused or contributed to the injuries and damages to the Plaintiff, but whose identity and/or liability have not been ascertained at this time. All allegations and claims asserted herein against any co-defendants are incorporated herein by reference against John and Jane Does. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name, and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

7.      Co-defendants A, B and C insurance companies are unknown insurers doing business under the laws of the Commonwealth of Puerto Rico, who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to all co-defendants and/or by unknown parties, covering all risk for injuries and accidents that Plaintiff suffered as a result of their

negligence.

### III.  NOTICE PURSUANT TO 21 L.P.R.A. § 4703

8.      Plaintiff provided adequate notice to the MSJ, as required by 21 L.P.R.A. § 4703, by notification of a letter dated September 2, 2020, via certified mail.

### IV. TOLLING OF STATUTE OF LIMITATIONS

9.      On June 24, 2021, Plaintiff filed a Complaint against all co-defendants based on the same facts contained herein, in the Puerto Rico First Instance Court, San Juan Part, under civil number SJ2021CV03913.

10.      On July 26, 2021, Optima acknowledged the receipt of the claim, as the MSJ's insurer (claim #88314).

11.      On September 21, 2021, Plaintiff filed a notice of voluntary dismissal without prejudice. Judgement was entered accordingly on that same date.

### V.  FACTS

12.      On or around 8:05 am, on July 2, 2022, Plaintiff left her home at that time to visit her grandson Edwin Cordero, who lived at Las Margaritas housing complex.

13.      While Plaintiff was walking along the sidewalk of Eduardo Conde Street, upon arriving in front of Paseo del Conde housing complex, she suddenly slipped and fell to the ground over her right hand.

14.      When Plaintiff fell to the ground, she felt great pain in her right hand, which began to tremble. Although in pain, Plaintiff managed to dial the telephone number of her grandson and notified him of the accident.

15.      While waiting on the ground for her grandson to arrive, Plaintiff noticed that what caused the accident was the presence of a slime-like or slippery substance on the surface of the sidewalk which was covered with leaves. She observed that there was a

water leak from a PVC pipe that had no lid. Through that pipe, water leaked and formed slime over the sidewalk; and in turn creating a dangerous area or condition.

16. Plaintiff's grandson arrived at the accident scene, picked up Ms. Gonzalez and took her to the emergency room at Doctors' Center Hospital in Santurce to receive medical care.

## VI. NEGLIGENCE

17. Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

18. Article 1536 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 10801, states that the person who by fault or negligence causes damage to another, is obliged to repair it.

19. Co-defendant MSJ's negligent acts and/or omissions consisted in having, tolerating, or allowing an inadequate (or lack of) maintenance and/or supervision of the sidewalk or accident area.

20. Co-defendant MSJ was also negligent by maintaining or allowing water to run over the surface of the sidewalk, which formed or helped to create the slime-like or slippery substance that caused the accident.

21. Co-defendant MSJ at all relevant times was the owner, was in charge of the maintenance and/or had control and domain of the sidewalk.

22. Co-defendant MSJ at all relevant times had actual knowledge, or could have or should have obtained the necessary information by reasonable inquiry and inspection to obtain such knowledge, of the dangerous condition that caused the accident.

23. It was reasonably foreseeable to co-defendant MSJ that having or allowing

4

an inadequate (or lack of) maintenance and/or supervision of the sidewalk could cause accidents and/or injuries like the ones suffered by Plaintiff.

24.     It was also reasonably foreseeable to co-defendant MSJ that maintaining or allowing water to run over the surface of the sidewalk could cause accidents and/or injuries like the ones suffered by Plaintiff.

25.     It was co-defendant MSJ's duty to keep the sidewalk previously described in reasonably safe conditions for those citizens who make use of it. The breach of this duty constitutes negligence and does not end merely because the unsafe condition on the municipality's sidewalk is product of a third party's conduct and was created without the municipality's consent. See Del Toro v. Gobierno de la Capital, 93 D.P.R. 481 (1966).

26.     Thus, co-defendant MSJ is liable for all the damages suffered by Plaintiff.

27.     Co-defendant Optima is responsible for the negligent acts and/or omissions of its insured, co-defendant MSJ.

28.     All co-defendants are jointly and severally liable to Plaintiff.

## VII.  DAMAGES

29.     Plaintiff repeats and realleges all of the preceding paragraphs as if fully set forth herein.

30.     After the accident, Plaintiff could not stand up. Her right hand immediately became swollen and began to tremble because of the great pain. She was taken to the emergency room of Doctors' Center Hospital where she was stabilized and was diagnosed with right distal radius fracture, which required surgery (Open Reduction & Internal Fixation with plate and at least 10 screws). Plaintiff was admitted to the hospital and had her right arm casted for several weeks after the surgery.

31.     As a result of the injuries caused by the negligent acts and/or omissions of

all co-defendants, Plaintiff suffered and continues to suffer great pain, visible surgical scars, significant physical limitations, mental anguish and a whole person permanent impairment (WPI), which significantly impairs her activities of daily living, valued in the sum of $300,000.00.

32.   Plaintiff's claim was reported to the Centers for Medicare and Medicaid Services (CMS) as she is a beneficiary of Medicare.

33.   All co-defendants are liable or responsible for any amount claimed by this agency under the Medicare, Medicaid, and SCHIP Extension Act of 2007.

## VIII.  JURY TRIAL DEMAND

34.   Plaintiff hereby demands a trial by jury.

**WHEREFORE**, Plaintiff demands that judgment in the amount of $300,000.00 be entered against defendants for all damages claimed herein, plus a reasonable amount for attorneys' fees, costs, and interest of this action.

**RESPECTFULLY SUBMITTED**, in San Juan, Puerto Rico, this 1st day of September 2022.

s/Jeanette Rodriguez-De Leon
**JEANETTE RODRIGUEZ DE LEON**
**USDC-PR 230609**

s/Victor Torres-Luna
**VICTOR TORRES LUNA**
**USDC-PR 306307**

**RESPUESTA LEGAL LLC**
PO Box 800
Guaynabo, PR 00970-0800
Tel.: 787-790-7761
torreslunalegal@gmail.com
jrdl.law@gmail.com